**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-1339
_____

TYLER HAMMOND,

Appellant

v.

CITY OF WILKES BARRE;
MAYOR THOMAS M. LEIGHTON

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3-13-cv-02322)
District Judge: Hon. Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 9, 2015

BEFORE: SHWARTZ, KRAUSE AND COWEN, <u>Circuit Judges</u>

(Opinion Filed:  October 9, 2015)

_____

OPINION[*]
_____


COWEN, <u>Circuit Judge</u>.

<hr />

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

The plaintiff-appellant, Tyler Hammond ("Appellant"), filed a second amended complaint alleging only a First Amendment retaliation claim against the City of Wilkes-Barre (the "City") and Mayor Thomas M. Leighton (together, "Appellees"). He now appeals the District Court's order dismissing his complaint. Because we conclude that dismissal was appropriate, we will affirm.

## I.

Because we write solely for the parties, we will only set forth the facts necessary to inform our analysis.

Appellant, a city firefighter, brought a lawsuit in 2009 alleging corrupt dealings involving the City and Leighton. The lawsuit was unrelated to Appellant's employment with the City as a firefighter. On June 26, 2013, as part of that lawsuit, Appellant and his wife were deposed. Approximately two weeks later, the Wilkes-Barre Police Department opened a criminal investigation to determine whether Appellant had misappropriated the likeness of another individual or falsely held himself out as the Mayor of the City. The investigation lasted for over a year, but never resulted in Appellant's arrest. Moreover, on September 6, 2013, Plaintiff was required to appear at an employment hearing, the outcome of which he has never been informed. Appellant alleges that Leighton directed both that the investigation be opened and that the Human Resources Director bring charges against him in retaliation for his filing the lawsuit and for his deposition testimony.

In an order dated January 6, 2015, the District Court dismissed Appellant's First Amendment retaliation claim. It also dismissed any *Monell* claim Appellant might have

been asserting against the City for failure to train its officials. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Finally, it denied Appellant's request to further amend his complaint. The current appeal followed, challenging only the District Court's denial of Appellant's retaliation claim.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's dismissal for failure to state a claim under a plenary standard. *See Lazaridis v. Wehmer,* 591 F.3d 666, 670 (3d Cir. 2010) (per curiam). Dismissal is appropriate where the pleader has not alleged "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). We may affirm on any basis supported by the record. *See Brown v. Dep't of Health Emergency Servs Training Inst.*, 318 F.3d 473, 475 n.1 (3d Cir. 2003) (citation omitted).

To establish a First Amendment retaliation claim pursuant to section 1983, Appellant must establish three elements: "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Indep. Twp.*, 463 F.3d 285, 296 (3d Cir. 2006).

We have recognized "that a suggestive temporal proximity between the protected activity and the alleged retaliatory action can be probative of causation. " *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003) (citing *Rauser v. Horn,* 241 F.3d 330, 334 (3d Cir. 2001)). However, "the timing of the alleged retaliatory action must be

3

unusually suggestive of retaliatory motive before a causal link will be inferred." *Id.*

(quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 512 (3d Cir. 2003) (internal quotation

marks omitted)). Moreover, we have generally required that the defendant in First

Amendment retaliation actions be aware of the protected conduct in order to establish the

requisite causal connection. *See Ambrose v. Twp. of Robinson*, 303 F.3d 488, 493 (3d

Cir. 2002).

**III.**

As an initial matter, we will assume that Appellant engaged in constitutionally

protected conduct, and that the alleged retaliatory actions are sufficient to deter a person

of ordinary firmness from exercising his constitutional rights. We therefore focus our

attention on the third prong of the analytical framework for considering First Amendment

retaliation claims: whether Appellant has demonstrated the necessary causal link between

the constitutionally protected conduct and the retaliatory action.

As indicated, for temporal proximity to be probative of causation, the timing of the

retaliatory action must be "unusually suggestive" of retaliatory motive. *See Hammonton*,

351 F.3d at 114. There is no such temporal proximity here. Appellant's first alleged

protected activity -- the filing of his first lawsuit against the City and Leighton --

occurred in 2009. But the criminal investigation and employment hearing did not occur

until nearly four years later, in 2013. This is simply too great a passage of time to

conclude that these actions were ordered in retaliation for Appellant's decision to file his

first lawsuit. *See id.* (concluding in part that because three weeks had passed between a

complaint being filed and a termination letter being issued, the "chronology of events

4

does not provide substantial support for [the plaintiff's] position").

Appellant appears to acknowledge this weakness in his position as he does not bother to mention in his reply brief, much less address, the temporal proximity between his filing of his initial lawsuit and the alleged retaliatory conduct. Rather, he argues only that there is sufficient temporal proximity between the criminal investigation of him and his deposition testimony in the 2009 lawsuit, because the investigation was ordered less than two weeks after he testified under oath. This argument gets Appellant only so far.

Although two weeks may be close enough temporally to be probative of causation, we have generally required that defendants in First Amendment retaliation actions be aware of the protected conduct in order to establish the requisite causal connection. *See Ambrose*, 303 F.3d at 493-94 (noting that temporal proximity may not be used to show that a defendant was aware of the protected conduct in the first place). Here, Appellant has not sufficiently alleged that Appellees were aware of his testimony. To be sure, Appellant's complaint contains the general allegation that "[Appellees] were aware of [Appellant's] protected activities and retaliated against him causing him even more mental anxiety, stress and sleeplessness. . . ." (2d Am. Compl. ¶ 41.) But we are not required to credit such a bald assertion, and we decline to do so. *See Evancho v. Fisher,* 423 F.3d 347, 353-55 (3d Cir. 2005). Somewhat tellingly, Appellant does not address Appellees' argument that they had no such notice, choosing instead to rely solely on the temporal proximity between his testimony and the alleged date the criminal investigation targeting him began. Under these circumstances, we conclude that Appellant has insufficiently pled facts necessary to establish a causal connection between

5

any protected activity and the alleged retaliatory actions.

## IV.

In light of the foregoing, the District Court's order entered on January 6, 2015, will be affirmed.